# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2012AP2321-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Sean D. Cooper, Attorney at Law:<br><br>Office of Lawyer Regulation,<br>      Complainant,<br>    v.<br>Sean D. Cooper,<br>      Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST COOPER

| | |
|---|---|
| OPINION FILED: | December 10, 2013 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
|   COURT: | |
|   COUNTY: | |
|   JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
|   CONCURRED: | |
|   DISSENTED: | |
|   NOT PARTICIPATING: | |

ATTORNEYS:

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2012AP2321-D

STATE OF WISCONSIN           :        IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against Sean D. Cooper, Attorney at Law:**

**Office of Lawyer Regulation,**

        **Complainant,**

    **v.**

**Sean D. Cooper,**

        **Respondent.**

**FILED**

**DEC 10, 2013**

Diane M. Fremgen
Clerk of Supreme Court

ATTORNEY disciplinary proceeding. *Attorney's license revoked.*

¶1 PER CURIAM. On June 6, 2013, Referee Richard C. Ninneman filed a report recommending that Attorney Sean D. Cooper be declared in default, concluding that Attorney Cooper engaged in numerous counts of professional misconduct, and recommending that his license to practice law in Wisconsin be revoked.

¶2 We conclude that the referee's findings of fact are supported by satisfactory and convincing evidence. Since

Attorney Cooper failed to present a defense despite being given multiple opportunities to do so, we declare him to be in default. We further agree with the referee that the seriousness of Attorney Cooper's misconduct warrants the revocation of his license to practice law in Wisconsin. In addition, we conclude that the full costs of this proceeding, which are $7,401.14 as of June 26, 2013, should be assessed against Attorney Cooper.

¶3 Attorney Cooper was admitted to practice law in Wisconsin in 2009. His license to practice law in Wisconsin was temporarily suspended, pursuant to SCR 22.03(4), on October 17, 2012. His license remains suspended.

¶4 On October 24, 2012, the Office of Lawyer Regulation (OLR) issued a complaint against Attorney Cooper alleging 39 counts of professional misconduct arising out of ten different matters. On December 17, 2012, Attorney Cooper filed a one-page answer denying all allegations and facts contained in the complaint.

¶5 On January 23, 2013, the OLR filed an amended complaint alleging 78 counts of misconduct in 18 separate matters.

¶6 In a February 1, 2013 telephone conference between the referee, Attorney Cooper, and retained counsel for the OLR, Attorney Cooper was encouraged to retain counsel and was given until February 28, 2013, to respond to the amended complaint. A further telephone conference was scheduled for March 4, 2013. Attorney Cooper was directed to call the referee in advance of the telephone conference in order to participate. Attorney

Cooper failed to make such contact and the telephone conference was cancelled.

¶7 On March 21, 2013, the OLR filed a motion for default judgment. Attached to the supporting affidavit was a letter from Attorney Cooper dated March 19, 2013, addressed to the referee and the OLR's counsel. The letter stated, "I have decided to voluntary [sic] surrender my license to practice law in the State of Wisconsin due to personal reasons."

¶8 On April 8, 2013, the referee issued a notice that the OLR's motion for a default judgment would be heard on May 21, 2013. At the May 21 hearing, the OLR's counsel and an OLR investigator appeared by videoconference and a record was made. Neither Attorney Cooper nor any attorney or representative made an appearance on his behalf. As a result, the referee granted the OLR's motion for default judgment and found the OLR proved by clear, satisfactory, and convincing evidence all allegations in its amended complaint.

¶9 The allegations in the amended complaint, which are discussed in detail in the referee's report, will not be extensively recited or repeated here. We will briefly summarize the incidents giving rise to the misconduct.

Multiple Bankruptcy Proceedings (Counts 1 through 8)

¶10 Judge Pamela Pepper, Chief Bankruptcy Judge for the United States District Court for the Eastern District of Wisconsin, made a submission to the OLR on May 13, 2011, reporting that, pursuant to the unanimous decision of the Eastern District of Wisconsin bankruptcy judges, Attorney Cooper

3

had been barred from filing any new bankruptcy petitions for a period of six months.   The prohibition on his filing any new cases arose out of his repeated mishandling of multiple bankruptcy matters, including failing to respond to communications from the bankruptcy court and trustee, failing to communicate with clients regarding court appearances, filing schedules in bankruptcy proceedings without prior client review, and filing bankruptcy petitions during times he was barred from doing so.

## Matter of R.F. (Counts 9 through 14)

¶11  In May of 2010, R.F. hired Attorney Cooper to represent her with respect to charges of discrimination that she had already filed with the United States Equal Employment Opportunity Commission (EEOC).   R.F. paid Attorney Cooper $4,000 for the representation.   After requesting a postponement of a mediation, Attorney Cooper failed to respond to telephone calls from the mediator, failed to file a lawsuit within 90 days after receipt of the notice of dismissal of R.F.'s claims, causing R.F. to lose her rights to sue, failed to return R.F.'s file, and failed to timely respond to R.F.'s grievance.

## Matter of N.L. (Counts 15 through 18)

¶12  In October of 2010, N.L. hired Attorney Cooper to file a Wis. Stat. chapter 128 petition in Milwaukee County for voluntary amortization of debts.   Attorney Cooper filed the petition but never informed N.L. of the appointment of a trustee.   The petition was later dismissed due to N.L.'s failure to make the initial payment to the trustee as ordered by the

4

court. Attorney Cooper filed a second petition in April of 2011. The court sent Attorney Cooper a checklist of missing items and told him if the petition was not corrected within 30 days, it would be dismissed. Attorney Cooper failed to inform N.L. of the missing items and failed to contact the trustee or the court, so the second petition was also dismissed.

Matter of C.D. (Counts 19 through 21)

¶13 In September of 2010, C.D. hired Attorney Cooper to represent her in a chapter 128 proceeding in Milwaukee County. The petition incorrectly stated the debtor's name and listed an incorrect address. After appointment of a trustee, the trustee filed an affidavit and order for dismissal based on the fact that the debtor had made no plan payments. The trustee's documents listed the wrong address for C.D., and there was no correspondence from Attorney Cooper to C.D. informing the client that a trustee had been appointed.

Matter of Y.D. (Counts 22 through 26)

¶14 In December of 2010, Y.D. hired Attorney Cooper to represent her in a chapter 7 bankruptcy proceeding. Attorney Cooper electronically filed the voluntary bankruptcy petition and a meeting of creditors was scheduled. Attorney Cooper appeared at the hearing but Y.D. did not. The trustee filed a motion to dismiss the bankruptcy petition based on Y.D.'s failure to attend the meeting of creditors and failure to provide tax returns and other information. Attorney Cooper failed to obtain Y.D.'s signature on any of the documents he electronically filed with the bankruptcy court as required by

local court rules.  He also altered the original date on the bankruptcy petition prior to submitting a copy of it to the OLR, failed to have Y.D. review and sign the petition before filing it, failed to object to the trustee's motion to dismiss, and failed to keep Y.D. apprised of the status of her case.

Matter of S.J. (Counts 27 and 28)

¶15 On April 1, 2011, S.J. engaged Attorney Cooper to represent her in a chapter 128 petition in Milwaukee County for the voluntary amortization of debts.  Attorney Cooper filed the petition.  The court advised him that his proposed trustee was not presently in compliance with a local rule and directed Attorney Cooper to resubmit appropriate materials to the court within 30 days or the case would be dismissed.  Attorney Cooper failed to respond within that time period and the proceeding was dismissed.

Matter of V.H. (Counts 29 through 33)

¶16 In March of 2011, V.H. hired Attorney Cooper to represent her in a chapter 7 bankruptcy proceeding.  Attorney Cooper electronically filed the voluntary bankruptcy petition but failed to gather the required documents from V.H. prior to filing it.  He also failed to have V.H. review and sign the petition and related schedules prior to filing, failed to keep V.H. informed about the status of the proceeding, represented to the bankruptcy court that V.H. had signed the documents when she had not, and changed the dates on some documents after they had been filed.

Matter of T.M. (Counts 34 and 35)

¶17 In March of 2010, T.M. hired Attorney Cooper to defend T.M. in various criminal matters pending in Racine County. T.M. paid Attorney Cooper $5,000 and a purported fee agreement letter was signed. T.M. claimed he terminated Attorney Cooper's representation in June 2010 but Attorney Cooper refused to withdraw. T.M. also claimed that Attorney Cooper failed to return his telephone calls and did nothing to defend him.

Matter of M.D. (Counts 36 through 38)

¶18 On February 1, 2011, M.D. hired Attorney Cooper to represent her in a chapter 13 bankruptcy proceeding. She paid him $255. She signed her voluntary petition, and Attorney Cooper electronically filed it. Attorney Cooper altered the date on the petition and failed to obtain documents and information from M.D. which were needed to prepare and file the chapter 13 schedules and plan.

Matter of T.C. (Count 39)

¶19 T.C. hired Attorney Cooper in October 2010 to represent her and her husband in a chapter 128 petition in Milwaukee County for the voluntary amortization of debts. The proceeding was dismissed based on the failure of the debtors to make the initial payment to the trustee as ordered by the court. Attorney Cooper failed to provide T.C. with any correspondence regarding the status of the proceeding.

Matter of R.C. (Counts 40 through 45)

¶20 In February of 2011, R.C. hired Attorney Cooper to represent him in a criminal proceeding in Dane County. R.C. paid an advance fee of $2,500 which Attorney Cooper deposited

7

directly into his operating account rather than his trust account. In June of 2011, R.C. terminated the attorney-client relationship and asked Attorney Cooper to return any unearned portion of the $2,500 advanced fee. Attorney Cooper failed to respond to this request in an appropriate manner.

Matter of D.Co. (Counts 46 through 50)

¶21 In February of 2011, D.Co. paid Attorney Cooper $295 to represent her in a chapter 128 proceeding for the amortization of debts. Attorney Cooper never filed the petition. D.Co. repeatedly called Attorney Cooper's office regarding the status of the filing, but Attorney Cooper never returned her phone calls.

Matter of D.Cu. (Counts 51 through 57)

¶22 In April of 2012, D.Cu. hired Attorney Cooper to represent him in a bankruptcy action and paid him $1,500. Attorney Cooper failed to confirm the fee agreement with D.Cu. in writing, failed to file the bankruptcy petition, failed to keep D.Cu. informed about the status of the matter, and closed his office without notifying D.Cu.

Matter of C.H. (Counts 58 through 60)

¶23 In early 2011 C.H. hired Attorney Cooper to represent him regarding workplace discrimination claims in proceedings before the Wisconsin Equal Rights Division and the United States EEOC. C.H. paid Attorney Cooper an advance fee of $749. Attorney Cooper failed to confirm the fee agreement in writing. In January of 2012, C.H. and his employer reached a settlement, which Attorney Cooper approved, and the discrimination

complaints with the two agencies were dismissed. Attorney Cooper failed to have a contingent fee agreement in writing and signed by C.H., failed to deliver the case file documents to C.H. when requested, and failed to provide the OLR with a written response to C.H.'s grievance.

Matter of D.H. (Counts 61 through 65)

¶24 In April of 2011, D.H. hired Attorney Cooper to represent him in a motion to modify a sentence imposed as the result of a 1998 conviction for five felonies. The original sentence imposed was 45 years in prison. Attorney Cooper was paid an advance fee of $2,500. Attorney Cooper failed to return telephone calls inquiring as to the status of the matter, nor did he file any motion to modify the sentence. D.H. terminated Attorney Cooper's representation in February of 2012 and requested a refund of the $2,500 and the return of all documents. Following the commencement of a small claims action for replevin to obtain the file and a small claims action for refund of the advanced fee, D.H. accepted a settlement of $1,500.

Matter of P.T. (Counts 66 through 71)

¶25 In February of 2012, P.T. hired Attorney Cooper to represent her in a petition for guardianship. P.T. agreed to a flat fee of $700 and paid $400 toward that fee. P.T. made numerous requests to Attorney Cooper for a copy of the petition for guardianship, which Attorney Cooper did not provide. She left telephone calls and text messages to which Attorney Cooper never responded. Attorney Cooper never filed the guardianship

petition.  When P.T. asked for a refund of the $400 she had paid toward the fee, Attorney Cooper offered her a credit for future legal services and did not refund any portion of the fee.  In September 2012 the Wisconsin Lawyers' Fund for Client Protection approved payment of $350 to P.T. for reimbursement of funds arising out of Attorney Cooper's refusal to refund any part of the advanced fee.

Matter of A.R. and I.G. (Counts 72 through 76)

¶26  In February of 2011, A.R. and I.G. hired Attorney Cooper to modify a birth certificate for their son and paid him $1,100 for his services.  Attorney Cooper filed a motion to change the birth certificate but failed to appear at a hearing on the motion.  The court subsequently entered an order dismissing the matter.

Matter of E.W. (Counts 77 and 78)

¶27  In February of 2012, E.W. hired Attorney Cooper to represent him in a chapter 7 bankruptcy matter and paid Attorney Cooper $300 pursuant to a written engagement letter.  The following month, E.W. informed Attorney Cooper he had decided not to file the bankruptcy petition and asked for a full refund.  Attorney Cooper failed to respond to the request for a refund and failed to provide a written response to the OLR's grievance.

¶28  The referee concluded that Attorney Cooper committed the misconduct alleged in the complaint.  The OLR alleged, and the referee found, that Attorney Cooper committed the following misconduct:

- One violation of SCR 20:1.1[1] (Count 1)

- Fourteen violations of SCR 20:1.3[2] (Counts 2, 9, 15, 19, 22, 27, 29, 36, 40, 46, 51, 61, 66, 72)

- Twelve violations of SCR 20:1.4(a)(3)[3] (Count 3, 10, 16, 20, 23, 28, 30, 37, 39, 41, 62, 73)

- One violation of SCR 20:1.4(a)(4)[4] (Count 67)

- Two violations of SCRs 20:1.4(a)(3) and (4) (Counts 47, 52)

- Four violations of SCR 20:1.5(a)[5] (Counts 11, 53, 68, 74)

---

[1] SCR 20:1.1 states, "A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation."

[2] SCR 20:1.3 states as follows:  "A lawyer shall act with reasonable diligence and promptness in representing a client."

[3] SCR 20:1.4(a)(3) provides that a lawyer shall "keep the client reasonably informed about the status of the matter; . . . ."

[4] SCR 20:1.4(a)(4) states that a lawyer shall "promptly comply with reasonable requests by the client for information; . . . ."

[5] SCR 20:1.5(a) provides as follows:

A lawyer shall not make an agreement for, charge, or collect an unreasonable fee or an unreasonable amount for expenses. The factors to be considered in determining the reasonableness of a fee include the following:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

11

- One violation of SCR 20:1.5(b)(1)[6] (Count 34)

- Two violations of SCRs 20:1.5(b)(1) and (2)[7] (Counts 54, 63)

- One violation of SCR 20:1.5(b)(3)[8] (Count 42 )

---

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) whether the fee is fixed or contingent.

[6] SCR 20:1.5(b)(1) states:

The scope of the representation and the basis or rate of the fee and expenses for which the client will be responsible shall be communicated to the client in writing, except before or within a reasonable time after commencing the representation when the lawyer will charge a regularly represented client on the same basis or rate as in the past. If it is reasonably foreseeable that the total cost of representation to the client, including attorney's fees, will be $1000 or less, the communication may be oral or in writing. Any changes in the basis or rate of the fee or expenses shall also be communicated in writing to the client.

[7] SCR 20:1.5(b)(2) provides as follows: "If the total cost of representation to the client, including attorney's fees, is more than $1000, the purpose and effect of any retainer or advance fee that is paid to the lawyer shall be communicated in writing."

- One violation of SCR 20:1.5(c)[9] (Count 58)

- One violation of SCR 20:1.15(b)(4)[10] (Count 43)

- Seven violations of SCR 20:1.16(d)[11] (Counts 12, 48, 55, 59, 69, 75, 77)

---

[8] SCR 20:1.5(b)(3) states, "A lawyer shall promptly respond to a client's request for information concerning fees and expenses."

[9] SCR 20:1.5(c) provides:

A fee may be contingent on the outcome of the matter for which the service is rendered, except in a matter in which a contingent fee is prohibited by par. (d) or other law. A contingent fee agreement shall be in a writing signed by the client, and shall state the method by which the fee is to be determined, including the percentage or percentages that shall accrue to the lawyer in the event of settlement, trial or appeal; litigation and other expenses to be deducted from the recovery; and whether such expenses are to be deducted before or after the contingent fee is calculated. The agreement must clearly notify the client of any expenses for which the client will be liable whether or not the client is the prevailing party. Upon conclusion of a contingent fee matter, the lawyer shall provide the client with a written statement stating the outcome of the matter and if there is a recovery, showing the remittance to the client and the method of its determination.

[10] SCR 20:1.15(b)(4) states as follows:  Unearned fees and cost advances.

Except as provided in par. (4m), unearned fees and advanced payments of fees shall be held in trust until earned by the lawyer, and withdrawn pursuant to sub. (g).  Funds advanced by a client or 3rd party for payment of costs shall be held in trust until the costs are incurred.

[11] SCR 20:1.16(d) states as follows:

Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable

13

- Three violations of SCR 20:3.3(a)(1)[12] (Counts 4, 24, 31)

- Three violations of SCR 20:3.4(c)[13] (Counts 5, 6, 7)

- Six violations of SCR 20:8.4(c)[14] (Counts 5, 6, 7, 38, 56, 70)

- Six violations of SCR 22.03(2),[15] enforced via SCR 20:8.4(h)[16] (Counts 8, 13, 17, 44, 49, 64)

---

to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law.

[12] SCR 20:3.3(a)(1) states that a lawyer shall not knowingly "make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer; . . . ."

[13] SCR 20:3.4(c) provides that a lawyer shall not "knowingly disobey an obligation under the rules of a tribunal, except for an open refusal based on an assertion that no valid obligation exists; . . . ."

[14] SCR 20:8.4(c) states it is professional misconduct for a lawyer to "engage in conduct involving dishonesty, fraud, deceit or misrepresentation; . . . ."

[15] SCR 22.03(2) states as follows:

Upon commencing an investigation, the director shall notify the respondent of the matter being investigated unless in the opinion of the director the investigation of the matter requires otherwise. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct within 20 days after being served by ordinary mail a request for a written response. The director may allow additional time to respond. Following receipt of the response, the director may conduct further investigation and may compel the respondent to answer

14

- Eleven violations of SCR 22.03(6),[17] enforceable via 20:8.4(h) (Counts 14, 18, 21, 25, 26, 32, 33, 35, 45, 50, 65)

- Five violations of SCRs 22.03(2) and (6), enforceable via SCR 20:8.4(h) (Counts 57, 60, 71, 76, 78)

¶29 In his report and recommendation, the referee noted that although there was no indication Attorney Cooper had previously been the subject of professional discipline, the referee said he "cannot recall a prior disciplinary proceeding in which the respondent attorney demonstrated such a complete disregard of clients' rights in multiple matters and a total lack of respect for the legal profession as [Attorney] Cooper has in this proceeding." Accordingly, the referee recommends that this court revoke Attorney Cooper's license to practice law in the State of Wisconsin. The referee also recommends that Attorney Cooper be required to make restitution as follows:

---

questions, furnish documents, and present any information deemed relevant to the investigation.

[16] SCR 20:8.4(h) provides that it is professional misconduct for a lawyer to "fail to cooperate in the investigation of a grievance filed with the office of lawyer regulation as required by SCR 21.15(4), SCR 22.001(9)(b), SCR 22.03(2), SCR 22.03(6), or SCR 22.04(1); . . . ."

[17] SCR 22.03(6) states, "In the course of the investigation, the respondent's wilful failure to provide relevant information, to answer questions fully, or to furnish documents and the respondent's misrepresentation in a disclosure are misconduct, regardless of the merits of the matters asserted in the grievance."

D.Co. $295; D.Cu. $1,500; P.T. $50; Wisconsin Lawyers' Fund for Client Protection $350; A.R. and I.G. $1,100; and E.W. $200.

¶30 Attorney Cooper has not filed an appeal from the referee's report and recommendation.

¶31 Although Attorney Cooper was given multiple opportunities to present a defense to the OLR's complaint, he failed to do so. As noted above, in a March 19, 2013 letter to the referee and the OLR's retained counsel, Attorney Cooper stated he had decided to surrender his license to practice law. Under the circumstances of this case, we deem it appropriate to declare Attorney Cooper in default.

¶32 A referee's findings of fact are affirmed unless clearly erroneous. Conclusions of law are reviewed de novo. See In re Disciplinary Proceedings Against Eisenberg, 2004 WI 14, ¶5, 269 Wis. 2d 43, 675 N.W.2d 747. The court may impose whatever sanction it sees fit regardless of the referee's recommendation. See In re Disciplinary Proceedings Against Widule, 2003 WI 34, ¶44, 261 Wis. 2d 45, 660 N.W.2d 686.

¶33 There is no showing that any of the referee's detailed findings of fact are clearly erroneous. Accordingly, we adopt them. We also agree with the referee's conclusions of law that Attorney Cooper violated all of the supreme court rules set forth above.

¶34 Revocation of an attorney's license to practice law is the most severe sanction this court can impose. It is reserved for the most egregious cases. Although Attorney Cooper was not licensed to practice law until 2009, during the short time that

16

he was a practicing attorney, he engaged in repeated misconduct in his handling of numerous client matters.  Based on the state of the record before us, it appears that Attorney Cooper is unable to conform his conduct to the standards expected of all members of the Wisconsin bar.  We agree with the referee that no sanction short of revocation would be sufficient to protect the public, achieve deterrence, and impress upon Attorney Cooper the seriousness of his misconduct.  We also agree with the referee that Attorney Cooper should be required to make restitution to various clients and that he should be assessed the full costs of this proceeding.

¶35  IT IS ORDERED that the license of Sean D. Cooper to practice law in Wisconsin is revoked, effective the date of this order.

¶36  IT IS FURTHER ORDERED that within 60 days of the date of this order, Sean D. Cooper shall make restitution as follows:

Client D.Co.    $295;

Client D.Cu.    $1,500;

Client P.T.     $50;

Wisconsin Lawyers' Fund for Client Protection    $350;

Clients A.R. and I.G.    $1,100; and

Client E.W.     $200.

¶37  IT IS FURTHER ORDERED that within 60 days of the date of this order, Sean D. Cooper shall pay to the Office of Lawyer Regulation the costs of this proceeding.

17

¶38  IT IS FURTHER ORDERED that, to the extent he has not already done so, Sean D. Cooper shall comply with the provisions of SCR 22.26 concerning the duties of an attorney whose license to practice law has been revoked.