In the Matter of Disciplinary Proceedings Against Allan D. Krezminski, Attorney at Law:

Office of Lawyer Regulation, Complainant,

v.

Allan D. Krezminski, Respondent.

Supreme Court

*No. 2005AP2458–D. Decided February 16, 2007.*

2007 WI 21

(Also reported in 727 N.W.2d 492.)

¶ 1. PER CURIAM. We review the recommendation of the referee, Curry First, that the license of Attorney Allan D. Krezminski to practice law in Wisconsin be suspended for two years for professional misconduct, and that he be required to pay the costs of this disciplinary proceeding, which are $2579.81 as of December 13, 2006. Attorney Krezminski did not appeal the recommendation.

¶ 2. We adopt the referee's findings of fact and conclusions of law and agree that the seriousness of Attorney Krezminski's misconduct warrants the suspension of his license to practice law in Wisconsin for a period of two years. We further agree that he should pay the costs of this proceeding.

¶ 3. Attorney Krezminski was admitted to practice law in Wisconsin in 1983. In 2004 he received a private reprimand for filing a late no merit report, failing to adequately communicate with a client, and failing to keep a client reasonably appraised about the status of the representation.

¶ 4. On October 4, 2005, the Office of Lawyer Regulation (OLR) filed a complaint against Attorney Krezminski alleging three counts of misconduct. On April 12, 2006, the parties entered into a stipulation, wherein Attorney Krezminski pled "no contest" to all three counts alleged in the disciplinary complaint.

¶ 5. The first two counts of the complaint involve Attorney Krezminski's conduct as personal representative for the estate of Wanda S. ("Estate"). Wanda's sole heir was her brother, John S. ("John"). In August 2001 Attorney Krezminski had custody of $37,094.42 in funds from the Estate which he held in his capacity as personal representative for the Estate.

¶ 6. While the Estate was pending, John became subject to a guardianship. During this time, Attorney Krezminski drafted, presented to John's guardian for signature, and filed with the court, a receipt dated October 4, 2001, falsely indicating that John had received $37,094.42 as full payment for John's share of Wanda's Estate. In fact, Attorney Krezminski had not made this disbursement. According to Attorney Krezminski, this receipt was made with the knowledge of the person who eventually became the personal representative of John's estate. The purpose was to avoid delaying the completion of the Estate and to "allow investigation into whether there were any alternatives to John's estate escheating to the school fund." John died before Wanda's Estate was completed.

¶ 7. In July 2004 Attorney Schmidt, counsel for the personal representative of John's estate ("John's Estate"), asked Attorney Krezminski to distribute the funds from Wanda's Estate to John's Estate. By letter dated July 26, 2004, Attorney Krezminski forwarded a trust account check in the amount of $15,808.36 and explained that the check did not cover the entire amount to which John's Estate was entitled. He admitted that he had borrowed the funds for his personal use and had used the funds to pay personal and business financial obligations. Attorney Krezminski later explained to the OLR that he used the monies "out of desperation" to cover a shortfall in mortgage and car

payments and that he had other financial difficulties including unpaid taxes and unpaid hospital bills resulting from his son's hospitalization in October 2001. Attorney Krezminski explained that he had accounts receivable in the form of completed cases, but that he had not yet submitted billings for these cases.

¶ 8.  Between July 29, 2004, and October 24, 2004, Attorney Krezminski sent six additional checks to Attorney Schmidt, thereby repaying in full the funds owed to John's Estate, plus interest.

■

¶ 9.  Count one of the complaint alleged that by converting funds he was holding in his capacity as personal representative and expending them for his own personal use, Attorney Krezminski (1) failed to hold in trust property in his possession when acting in a fiduciary capacity in violation of former SCR 20:1.15(a)[1] and (2) engaged in conduct involving dishonesty, fraud, deceit and misrepresentation in violation of SCR 20:8.4(c).[2]

---

[1] Former SCR 20:1.15 applies to misconduct committed prior to July 1, 2004. Former SCR 20:1.15(a) provided: Safekeeping property.

> (a) A lawyer shall hold in trust, separate from the lawyer's own property, that property of clients and third persons that is in the lawyer's possession in connection with a representation or when acting in a fiduciary capacity. Funds held in connection with a representation or in a fiduciary capacity include funds held as trustee, agent, guardian, personal representative of an estate, or otherwise. All funds of clients and third persons paid to a lawyer or law firm shall be deposited in one or more identifiable trust accounts . . . .

[2] SCR 20:8.4(c) provides that it is professional misconduct for a lawyer to "engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

¶ 10. Count two of the complaint alleged that by filing a receipt with the court indicating that John had been paid $37,094.42 from Wanda's Estate when he had not been paid, Attorney Krezminski violated SCR 20:3.3(a)(4)[3] by offering evidence he knew to be false.

¶ 11. Count three of the complaint pertained to a separate client matter. Attorney Krezminski was appointed by the Office of the State Public Defender to represent M.W. on appeal. M.W. had been convicted of two felonies and three misdemeanors. Attorney Krezminski reviewed M.W.'s file and, in January 2003, advised M.W. that he had found no basis for an appeal. He advised M.W. that he did not think a no-merit appeal would assist M.W. and explained that in order to move for sentence modification, they would need to identify a "new factor." Attorney Krezminski then failed to follow up with M.W. for nearly a year.

¶ 12. M.W. contacted Attorney Krezminski in July 2003, August 2003 and September 2003, each time expressing increasing concern about the lack of progress in his case. Attorney Krezminski did not respond to any of these inquiries. Attorney Krezminski also failed to respond to inquiries initiated by the Office of the State Public Defender on July 17, 2003, and August 27, 2003, respectively.

¶ 13. Attorney Krezminski did not respond to M.W. until December 12, 2003. Shortly thereafter, M.W. opted to proceed pro se. Attorney Krezminski provided information from the file to M.W. and closed his file on

---

[3] SCR 20:3.3(a)(4) provides that a lawyer shall not knowingly "offer evidence that the lawyer knows to be false. If a lawyer has offered material evidence and comes to know of its falsity, the lawyer shall take reasonable remedial measures."

the matter. Later, when M.W. continued to ask the Office of the State Public Defender why Attorney Krezminski had failed to pursue his matter, Attorney Krezminski did file a motion on M.W.'s behalf and succeeded in persuading the court of appeals to reinstate the appellate deadlines. Thereafter, M.W. proceeded pro se.

¶ 14. Attorney Krezminski also pled no contest to count three of the complaint, which alleged that by failing to communicate with his client from January 2003 to December 2003, notwithstanding written inquiries from the client and the Office of the State Public Defender, Attorney Krezminski failed to keep a client reasonably informed about the status of a matter and failed to promptly comply with requests for information in violation of SCR 20:1.4(a).[4]

¶ 15. On November 24, 2006, the referee filed a report and recommendation, accepting the stipulated facts as well as the parties' stipulation to sanction, which was executed in June 2006. The referee thereby recommended that this court suspend Attorney Krezminski's license to practice law in Wisconsin for a period of two years.

¶ 16. This court will adopt a referee's findings of fact unless they are clearly erroneous. Conclusions of law are reviewed de novo. *See In re Disciplinary Proceedings Against Eisenberg*, 2004 WI 14, ¶ 5, 269 Wis. 2d 43, 675 N.W.2d 747. Although this court takes into account the referee's recommendation as to appro-

---

[4] SCR 20:1.4(a) provides that "[a] lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information."

priate discipline, we do not accord the referee's recommendation any conclusive or great weight. *See In re Disciplinary Proceedings Against Widule,* 2003 WI 34, ¶ 44, 261 Wis. 2d 45, 660 N.W.2d 686. After careful review of the record, we conclude that the referee's findings of fact are not clearly erroneous, and we adopt them. We also agree with the conclusions of law that flow from the referee's findings of fact. We agree that the seriousness of Attorney Krezminski's misconduct warrants the suspension of his license to practice law in Wisconsin for a period of two years.

■

¶ 17. IT IS ORDERED that the license of Attorney Allan D. Krezminski to practice law in Wisconsin is suspended for a period of two years, effective March 30, 2007.

¶ 18. IT IS FURTHER ORDERED that Attorney Allan D. Krezminski shall comply with the requirements of SCR 22.26 pertaining to activities following suspension.

¶ 19. IT IS FURTHER ORDERED that within 60 days of the date of this order, Attorney Allan D. Krezminski shall pay to the Office of Lawyer Regulation the costs of this proceeding. If the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of Attorney Allan D. Krezminski to practice law in Wisconsin shall remain suspended until further order of the court.