# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2013AP2089-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Christopher Stephen Petros, Attorney at Law: <br><br> Office of Lawyer Regulation, <br>       Complainant, <br>   v. <br> Christopher Stephen Petros, <br>       Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST PETROS

| | |
|---|---|
| OPINION FILED: | January 3, 2014 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
|   COURT: | |
|   COUNTY: | |
|   JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
|   CONCURRED: | |
|   DISSENTED: | |
|   NOT PARTICIPATING: | |

ATTORNEYS:

**2014 WI 1**

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2013AP2089-D

STATE OF WISCONSIN : IN SUPREME COURT

In the Matter of Disciplinary Proceedings
Against Christopher Stephen Petros, Attorney at
Law:

Office of Lawyer Regulation,

    Complainant,

    v.

Christopher Stephen Petros,

    Respondent.

**FILED**

**JAN 3, 2014**

Diane M. Fremgen
Clerk of Supreme Court

ATTORNEY disciplinary proceeding. *Attorney's license suspended.*

¶1 PER CURIAM. We review a stipulation filed by the Office of Lawyer Regulation (OLR) and Attorney Christopher Stephen Petros pursuant to SCR 22.12.[1] The stipulation requests

---

[1] SCR 22.12 provides as follows: Stipulation.

(1) The director may file with the complaint a stipulation of the director and the respondent to the facts, conclusions of law regarding misconduct, and discipline to be imposed. The supreme court may consider the complaint and stipulation without the appointment of a referee.

this court to suspend Attorney Petros's license to practice law in Wisconsin as reciprocal discipline identical to that imposed by the Minnesota Supreme Court.

¶2 Attorney Petros was admitted to practice law in Wisconsin in 2009. According to the stipulation, on August 6, 2013, the Minnesota Supreme Court suspended Attorney Petros's Minnesota law license for 90 days based on misconduct consisting of submitting false evidence and making false statements to the director of the Minnesota Office of Lawyers Professional Responsibility; failing to notify a client about a hearing; lying to a court through an associate and failing to correct the misrepresentations he caused to be made to the court; failing to timely notify clients of their appeal rights and that he would not file an appeal on their behalf; and failing to diligently pursue a client's case, communicate with that client, and timely return the client's property, in violation of Minn. R. Prof. Conduct 1.3, 1.4, 1.16(d), 3.3(a)(1), 8.1(a), and 8.4(c) and (d).

---

(2) If the supreme court approves a stipulation, it shall adopt the stipulated facts and conclusions of law and impose the stipulated discipline.

(3) If the supreme court rejects the stipulation, a referee shall be appointed and the matter shall proceed as a complaint filed without a stipulation.

(4) A stipulation rejected by the supreme court has no evidentiary value and is without prejudice to the respondent's defense of the proceeding or the prosecution of the complaint.

¶3 On September 19, 2013, the OLR filed a complaint alleging that by virtue of having received discipline imposed in Minnesota for his violations of the Minnesota Rules of Professional Conduct, Attorney Petros is subject to reciprocal discipline in Wisconsin pursuant to SCR 22.22.[2]

---

[2] SCR 22.22 states: Reciprocal discipline.

(1) An attorney on whom public discipline for misconduct or a license suspension for medical incapacity has been imposed by another jurisdiction shall promptly notify the director of the matter. Failure to furnish the notice within 20 days of the effective date of the order or judgment of the other jurisdiction constitutes misconduct.

(2) Upon the receipt of a certified copy of a judgment or order of another jurisdiction imposing discipline for misconduct or a license suspension for medical incapacity of an attorney admitted to the practice of law or engaged in the practice of law in this state, the director may file a complaint in the supreme court containing all of the following:

(a) A certified copy of the judgment or order from the other jurisdiction.

(b) A motion requesting an order directing the attorney to inform the supreme court in writing within 20 days of any claim of the attorney predicated on the grounds set forth in sub. (3) that the imposition of the identical discipline or license suspension by the supreme court would be unwarranted and the factual basis for the claim.

(3) The supreme court shall impose the identical discipline or license suspension unless one or more of the following is present:

(a) The procedure in the other jurisdiction was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process.

¶4 In the stipulation, Attorney Petros does not claim that any of the conditions listed in SCRs 22.22(3)(a) through (c) prevent the imposition of reciprocal discipline in this case. Attorney Petros and the OLR jointly request that Attorney Petros's license to practice law in Wisconsin be suspended for 90 days.

¶5 The stipulation properly provides that it did not result from plea bargaining. Attorney Petros says he does not

---

(b) There was such an infirmity of proof establishing the misconduct or medical incapacity that the supreme court could not accept as final the conclusion in respect to the misconduct or medical incapacity.

(c) The misconduct justifies substantially different discipline in this state.

(4) Except as provided in sub. (3), a final adjudication in another jurisdiction that an attorney has engaged in misconduct or has a medical incapacity shall be conclusive evidence of the attorney's misconduct or medical incapacity for purposes of a proceeding under this rule.

(5) The supreme court may refer a complaint filed under sub. (2) to a referee for a hearing and a report and recommendation pursuant to SCR 22.16. At the hearing, the burden is on the party seeking the imposition of discipline or license suspension different from that imposed in the other jurisdiction to demonstrate that the imposition of identical discipline or license suspension by the supreme court is unwarranted.

(6) If the discipline or license suspension imposed in the other jurisdiction has been stayed, any reciprocal discipline or license suspension imposed by the supreme court shall be held in abeyance until the stay expires.

contest the facts and misconduct alleged by the OLR or the discipline that the OLR's director is seeking in this matter. Attorney Petros further states that he fully understands the misconduct allegations and the ramifications should this court impose the stipulated level of discipline. He also states he fully understands his right to contest the matter and he understands his right to consult with counsel. Attorney Petros further states that his entry into the stipulation is made knowingly and voluntarily and represents his decision not to contest the misconduct alleged in the OLR's complaint or the level and type of discipline sought by the OLR director.

¶6 Based upon our independent review of the matter, we conclude that the SCR 22.12 stipulation should be accepted and that Attorney Petros's license to practice law in Wisconsin should be suspended for 90 days as reciprocal discipline identical to that imposed by the Minnesota Supreme Court. Since Attorney Petros entered into a stipulation with the OLR and there was no need to appoint a referee, we agree that no costs should be assessed.

¶7 IT IS ORDERED that the license of Christopher Stephen Petros to practice law in Wisconsin is suspended for a period of 90 days, effective February 3, 2014.

¶8 IT IS FURTHER ORDERED that Christopher Stephen Petros shall comply with provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

¶9   IT IS FURTHER ORDERED that compliance with all conditions of this order is required for reinstatement.   See SCR 22.28(2).