# Supreme Court of Wisconsin

| | |
|---|---|
| CASE NO.: | 2019AP565-D |

| | |
|---|---|
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Christopher S. Petros , Attorney at Law: |
| | Office of Lawyer Regulation,<br>      Complainant,<br>    v.<br>Christopher S. Petros,<br>      Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST PETROS

| | |
|---|---|
| OPINION FILED: | July 22, 2020 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
|   COURT: | |
|   COUNTY: | |
|   JUDGE: | |

JUSTICES:

Per Curiam.

NOT PARTICIPATING:

DANIEL KELLY, J., did not participate.

ATTORNEYS:

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2019AP565-D

STATE OF WISCONSIN : IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against Christopher S. Petros, Attorney at Law:**

**Office of Lawyer Regulation,**

      **Complainant,**

      **v.**

**Christopher S. Petros,**

      **Respondent.**

**FILED**

JUL 22, 2020

Sheila T. Reiff
Clerk of Supreme Court

ATTORNEY disciplinary proceeding. *Attorney's license suspended.*

¶1 PER CURIAM. We review the recommendation of the referee, Allan Beatty, recommending that Attorney Christopher S. Petros' license to practice law be suspended for two years due to his professional misconduct. The referee also recommended that Attorney Petros be ordered to pay restitution to the Wisconsin Lawyers' Fund for Client Protection ("the Fund") in the amount of $24,000, and pay the full costs of this proceeding, which are $4,387.44 as of April 10, 2020. The

referee's findings of fact, conclusions of law, and recommendations derive from two stipulations filed by the parties.

¶2 We adopt the referee's findings of fact and conclusions of law. We agree that the seriousness of Attorney Petros' professional misconduct warrants a two-year suspension of his law license. We further agree that Attorney Petros should pay restitution as recommended by the referee and that he should pay the full costs of this proceeding.

¶3 Attorney Petros was admitted to practice law in Wisconsin in 2009. His license is administratively suspended for noncompliance with continuing legal education requirements. He was also licensed to practice law in Minnesota in 2002, and his Minnesota law license is suspended. On August 6, 2013, the Minnesota Supreme Court suspended Attorney Petros' Minnesota law license for misconduct that included submitting false evidence and making false statements to the Director of the Minnesota Office of Lawyers Professional Responsibility; failing to notify a client of a hearing; lying to the court through an associate and failing to correct the misrepresentations he caused to be made to the court; failing to timely notify clients of their appeal rights and that he would not file an appeal on their behalf; and failing to diligently pursue a client's case, communicate with that client, and timely return the client's property. In re Disciplinary Action Against Petros, 834 N.W.2d 714 (Minn. 2013). In 2014, Attorney Petros received a 90-day suspension of his Wisconsin law license as reciprocal

2

discipline to that imposed by the Minnesota Supreme Court. In re Disciplinary Proceedings Against Petros, 2014 WI 1, 351 Wis. 2d 775, 841 N.W.2d 47.

¶4 In 2017, this court imposed a public reprimand on Attorney Petros for failing to prepare a contract he was hired to prepare; failing to provide advance notice of a withdrawal of fees from trust; failing to materially advance a matter for a different client; and failing to timely respond to the Office of Lawyer Regulation's (OLR) investigations in both matters. Public Reprimand of Christopher S. Petros, 2017-8 (electronic copy available at https://compendium.wicourts.gov/app/raw/002974.html).

¶5 This disciplinary proceeding commenced on March 21, 2019, when the OLR filed a complaint against Attorney Petros alleging 17 counts of professional misconduct. Referee Beatty was appointed. On June 27, 2019, the OLR amended its complaint to allege 24 counts of misconduct relating to seven client matters.

¶6 On November 18, 2019, the parties executed a stipulation in which Attorney Petros pled no contest to each of the 24 counts of misconduct alleged in the OLR's amended disciplinary complaint. He further stipulated that he owes restitution in the amount of $24,000 to the Fund in connection with one client matter. The parties agreed that the amended disciplinary complaint and the terms of the stipulation could serve as the factual basis for the referee's factual findings and determination of misconduct. Subsequently, the parties

3

executed a second stipulation agreeing that a two-year license suspension is an appropriate sanction for Attorney Petros' admitted misconduct.

¶7 In each stipulation, the parties confirmed that the stipulation was not the result of plea bargaining but reflects Attorney Petros' voluntary decision not to contest the matter. Attorney Petros represents and verifies that he fully understands the allegations to which he stipulated in this disciplinary matter; he fully understands his right to contest this matter; he fully understands the ramifications of his entry into the stipulation; he fully understands that he has the right to consult counsel; and that his entry into the stipulation was made knowingly and voluntarily.

¶8 On March 16, 2020, Referee Beatty filed a report, stating that based on the record he found by clear, satisfactory, and convincing evidence that Attorney Petros violated the rules of professional conduct, as alleged. We summarize that professional misconduct here.

### Representation of J.O. (Counts 1-3)

¶9 In November 2016, the State Public Defender's Office (SPD) appointed Attorney Petros as counsel for J.O., who faced criminal charges in Barron County. At J.O.'s sentencing hearing, Attorney Petros obtained permission from the court to have a second presentencing investigation report (PSI) prepared and J.O.'s sentencing hearing was adjourned. Then, J.O. was charged with driving under the influence, 2nd offense, in Polk County. Attorney Petros later told the OLR that there was some

4

discussion about whether the second PSI should be done, because the new charges might negatively affect the sentence recommendation. However, at the adjourned sentencing hearing on August 14, 2017, court records reflect that an "Alternative PSI has been ordered by defense" and the sentencing hearing was adjourned again. By late November 2017, the OLR was investigating Attorney Petros, who told the OLR that he and J.O. decided against obtaining a second PSI. J.O. asserts no such decision was ever made but rather, "the second PSI was always the plan." Attorney Petros never ordered a second PSI. He also failed to appear at J.O.'s sentencing hearing on October 30, 2017.

¶10 Meanwhile, in April 2017, J.O. had paid Attorney Petros $750 to commence a paternity case. Between April and October, 2017, Attorney Petros took no steps to initiate the paternity case. On November 27, 2017, Attorney Petros told the OLR via email that he had sent J.O. a full refund check. The client, however, did not receive a refund check, despite repeated requests, until February 2018, and then, it was refused due to insufficient funds. Attorney Petros later told the OLR that he had ensured there were sufficient funds in the account for the check to be cashed. The OLR provided this information to J.O. and did not hear from J.O. again.

¶11 The parties stipulated and the referee concluded that:

- By failing to arrange for a second PSI; by failing to appear in court at the October 30, 2017, sentencing hearing; and by failing to advance the paternity case,

5

in each instance, Attorney Petros violated SCR 20:1.3 (Count One).[1]

- By failing to timely refund the unearned advanced fee in the paternity case, Attorney Petros violated SCR 20:1.16(d) (Count Two).[2]

- By twice willfully misrepresenting to the OLR that he returned J.O.'s advanced fees when he had not, Attorney Petros violated SCR 22.03(6),[3] enforceable via SCR 20:8.4(h) (Count Three).[4]

<u>Representation of J.T. (Counts 4-6)</u>

---

[1] SCR 20:1.3 provides: "A lawyer shall act with reasonable diligence and promptness in representing a client."

[2] SCR 20:1.16(d) provides:

Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law.

[3] SCR 22.03(6) provides: "In the course of the investigation, the respondent's willful failure to provide relevant information, to answer questions fully, or to furnish documents and the respondent's misrepresentation in a disclosure are misconduct, regardless of the merits of the matters asserted in the grievance."

[4] SCR 20:8.4(h) provides: "It is professional misconduct for a lawyer to fail to cooperate in the investigation of a grievance filed with the office of lawyer regulation as required by SCR 21.15(4), SCR 22.001(9)(b), SCR 22.03(2), SCR 22.03(6), or SCR 22.04(1)."

¶12 In the fall of 2017, the SPD appointed Attorney Petros to represent J.T. at a sentencing hearing following the revocation of J.T.'s probation in Sawyer County. In short, Attorney Petros failed to make contact with J.T. and failed to respond to J.T's repeated efforts to contact him. J.T., who was being held in the Sawyer County jail, sent correspondence to Attorney Petros on September 27, November 23, and December 22, 2017. At J.T.'s request, jail staff left voice mail messages for Attorney Petros on October 9, November 1 and 20, December 12, 19, and 20, 2017, and February 1, 2018, requesting Attorney Petros to contact J.T. Attorney Petros did not respond to any of these attempts to reach him. Later, Attorney Petros falsely told the OLR that he visited J.T. in jail on October 16, 2017.

¶13 Attorney Petros then failed to respond to the OLR's request for information, and this court issued an order directing Attorney Petros to show cause why his law license should not be suspended for failure to cooperate with the OLR. Attorney Petros responded with a letter advising the court that he had provided the OLR with the requested information. However, the OLR had not received the requested information.

¶14 On June 4, 2018, the OLR received a response from Attorney Petros that was sufficient to allow it to continue its investigation. The OLR did not withdraw its motion to temporarily suspend Attorney Petros' law license, due to his continued non-cooperation in two other OLR investigations. On August 15, 2018, Attorney Petros' law license was temporarily

7

suspended. He then cooperated with the OLR and his law license was reinstated on August 29, 2018.

¶15 The parties stipulated and the referee concluded that:

- By failing to respond to J.T.'s requests to contact him for information regarding his case, Attorney Petros violated SCR 20:1.4(a)(4) (Count 4).[5]

- By misrepresenting to the OLR that he visited J.T. in jail on October 16, 2017, Attorney Petros violated SCR 22.03(6), enforceable via SCR 20:8.4(h) (Count 5).

- By willfully failing to provide the OLR with a timely response to J.T.'s grievance, Attorney Petros violated SCR 22.03(2)[6] and SCR 22.03(6), enforceable via SCR 20:8.4(h) (Count 6).

<u>Representation of A.H. (Counts 7-11)</u>

---

[5] SCR 20:1.4(a)(4) provides: "A lawyer shall promptly comply with reasonable requests by the client for information."

[6] SCR 22.03(2) provides:

Upon commencing an investigation, the director shall notify the respondent of the matter being investigated unless in the opinion of the director the investigation of the matter requires otherwise. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct within 20 days after being served by ordinary mail a request for a written response. The director may allow additional time to respond. Following receipt of the response, the director may conduct further investigation and may compel the respondent to answer questions, furnish documents, and present any information deemed relevant to the investigation.

¶16 In December 2016, A.H. received $30,012.77 from the proceeds of her mother's life insurance policy. A.H. hired Attorney Petros to prepare a special needs trust for her. Due to a disability, A.H. required such a trust so payments could be made to her that would not jeopardize her receipt of disability benefits. Attorney Petros charged A.H. $2,000 to create the trust but failed to follow through. On February 2, 2017, Attorney Petros deposited the settlement funds into his trust account. Between May 4 and October 10, 2017, Attorney Petros issued five checks totaling $6,000 to A.H.

¶17 In June 2017, the special needs trust had not been prepared and A.H. began having difficulty receiving full disability benefits. Despite A.H.'s requests for information, Attorney Petros failed to prepare the special needs trust and A.H. was required to retain successor counsel to prepare the trust.

¶18 Meanwhile, it was determined that Attorney Petros had misappropriated A.H.'s funds. His trust records indicate that in December 2017 he should have been holding $22,012.77 in trust attributable to A.H. even after his fees were deducted. The trust balance was $1.02.

¶19 Attorney Petros then failed to respond to the OLR's requests for information and, as described above, his law license was temporarily suspended for noncooperation. On May 8, 2019, the Fund approved payment to A.H. in the amount of $24,000, reflecting her losses as a result of Attorney Petros' misconduct.

¶20 The parties stipulated and the referee concluded that:

- By failing to prepare the special needs trust on behalf of A.H., Attorney Petros violated SCR 20:1.3 (Count Seven).

- By failing to return any of the $2,000 advance fees to A.H., Attorney Petros violated SCR 20:1.16(d) (Count Eight).

- By failing to hold $22,012.77 of funds in trust belonging to A.H., Attorney Petros violated SCR 20:1.15(b)(1) (Count Nine).[7]

- By using A.H.'s funds for purposes unrelated to A.H., Attorney Petros violated SCR 20:8.4(c) (Count Ten).[8]

- By willfully failing to timely provide the OLR with a response to A.H.'s grievance, Attorney Petros violated SCR 22.03(2) and SCR 22.03(6), enforceable via SCR 20:8.4(h) (Count Eleven).

<u>Representation of D.G. (Counts 12-15)</u>

---

[7] SCR 20:1.15(b)(1) provides:

A lawyer shall hold in trust, separate from the lawyer's own property, that property of clients and 3rd parties that is in the lawyer's possession in connection with a representation. All funds of clients and 3rd parties paid to a lawyer or law firm in connection with a representation shall be deposited in one or more identifiable trust accounts.

[8] SCR 20:8.4(c) provides: "It is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

¶21 In January 2015, D.G. hired Attorney Petros to represent him as plaintiff's counsel in a defamation action. This was to include preparing and filing a complaint. Two years after being hired, Attorney Petros falsely notified D.G. that a hearing was scheduled on the matter. D.G. arrived for the purported hearing, and Attorney Petros misrepresented to D.G. that the court had granted him a default judgment. This was untrue. Subsequently, D.G. asked Attorney Petros for documentation relating to the default judgment. Attorney Petros agreed to provide the documents several times but did not do so.

¶22 In August 2017, D.G. learned that the lawsuit had not even been filed until March 30, 2017, and that Attorney Petros had taken no further action to prosecute it. Attorney Petros then failed to respond to the OLR's repeated requests for information regarding the matter.

¶23 The parties stipulated and the referee concluded that:

- By failing to file D.G.'s lawsuit for approximately two years after being hired, and by failing to take any action to pursue the lawsuit after filing it, Attorney Petros violated SCR 20:1.3 (Count Twelve).

- By misrepresenting to D.G. the status of his case, including that default judgment had been obtained before he even filed the lawsuit, Attorney Petros violated SCR 20:8.4(c) (Count Thirteen).

- By willfully failing to provide the OLR with a timely written response to D.G.'s grievance, Attorney Petros

11

violated SCR 22.03(2) and SCR 22.03(6), enforceable via SCR 20:8.4(h) (Count Fourteen).

- By willfully failing to provide the OLR the additional information requested on September 14, 2018, Attorney Petros violated SCR 22.03(6), enforceable via SCR 20:8.4(h) (Count Fifteen).

<u>Representation of T.V.B. (Counts 16-17)</u>

¶24 On October 6, 2017, the SPD appointed Attorney Petros as counsel for T.V.B., who was charged with fleeing an officer and possession of methamphetamine in Sawyer County. Attorney Petros appeared by phone for T.V.B.'s preliminary hearing. Thereafter, however, T.V.B. tried repeatedly to reach Attorney Petros by phone and letter and Attorney Petros failed to respond. On January 21, 2018, T.V.B. wrote to the judge presiding over his case and described his unsuccessful efforts to contact Attorney Petros. On April 9, 2018, T.V.B. wrote the SPD's office and requested new counsel, stating that Attorney Petros was "M.I.A." On June 26, 2018, Attorney Petros then failed to appear at T.V.B.'s plea and sentencing hearing. The judge removed Attorney Petros as counsel of record, and ordered the appointment of successor counsel. Attorney Petros initially responded to the OLR's requests for information about the ensuing grievance, but then failed to cooperate further.

¶25 The parties stipulated and the referee concluded that:

- By failing to respond to T.V.B.'s requests for information regarding his case, Attorney Petros violated SCR 20:1.4(a)(4) (Count Sixteen).

12

- By willfully failing to provide the OLR the additional information requested on September 13, 2018, Attorney Petros violated SCR 22.03(6), enforceable via SCR 20:8.4(h) (Count Seventeen).

Representation of S.W. (Counts 18-20)

¶26 In July 2015, S.W. hired Attorney Petros to represent her in a family law case in St. Croix County. Her former partner, J.A., had requested mediation regarding the legal custody and physical placement of their child. S.W. knew mediation was a prerequisite to a court hearing so she requested Attorney Petros schedule mediation promptly.

¶27 In November 2015, S.W. asked about the status of mediation but Attorney Petros had not scheduled a mediation. In December 2015, S.W. again contacted Attorney Petros, asking if a mediation date had been set. Attorney Petros claimed that he had sent her possible dates. S.W. had not received that communication. Attorney Petros promised to resend possible mediation dates but failed to do so. S.W. then asked Attorney Petros again and he did not respond.

¶28 On January 25, 2016, Attorney Petros sent S.W. a text falsely stating a court hearing was scheduled in February 2016. Shortly before the supposed hearing, S.W. asked Attorney Petros if the court date was still on. He responded, "Yep." There was no court hearing. On May 18 and 23, 2016, S.W. sent Attorney Petros texts asking "have you received the papers for court." Attorney Petros responded, "What's your email will send papers over" but did not follow through. On May 23, 2016, J.A. filed a

13

second request for mediation and the family court commissioner signed a referral for mediation that same day.

¶29 On August 23, 2016, S.W. sent Attorney Petros a text stating "I still haven't received anything about a court date." The next day, Attorney Petros falsely told S.W. that a court date was set for September 15, 2016. On August 25, 2016, S.W. informed Attorney Petros that she had discovered that the court had no record of a hearing scheduled for September 15, 2016. When Attorney Petros filed a formal Notice of Retainer on December 6, 2016, it was the first pleading he had filed on behalf of S.W. since he was retained in July 2015.

¶30 Several hearings took place in 2017 and 2018, at which Attorney Petros did appear with S.W., culminating in a review hearing on November 15, 2018. S.W. failed to appear, having mistaken the time and Attorney Petros appeared late. The family court commissioner entered orders. Unhappy with the orders, S.W. asked Attorney Petros to schedule another hearing. He agreed but did not act. On December 10, 2018, S.W. asked if another hearing had been scheduled. Attorney Petros did not respond. On December 31, 2018, S.W. requested Attorney Petros return her paperwork. Again, Attorney Petros did not respond.

¶31 The parties stipulated and the referee concluded that:

- By failing to act with reasonable diligence and promptness in furtherance of S.W.'s interests in her case between July 2015 and December 6, 2016, and continuously from November 15, 2018 to present, Attorney Petros violated SCR 20:1.3 (Count Eighteen).

14

- By making misrepresentations to S.W. about the status of her case on January 25, 2016 and August 24, 2016, Attorney Petros violated SCR 20:8.4(c) (Count Nineteen).

- By failing to respond to reasonable requests for information regarding her case and failing to provide requested paperwork concerning her case, Attorney Petros violated SCR 20:1.4(a)(4) (Count Twenty).

<u>Matter of J.R. (Counts 21-24)</u>

¶32  In July 2016, J.R. hired Attorney Petros to file small claims actions against two tenants.  In late 2016 or early 2017, Attorney Petros falsely told J.R. that the two cases had settled.  In the summer of 2017, J.R. asked Attorney Petros to file small claims cases against two other tenants.  Attorney Petros did not file any of the four cases until March 12, 2018.

¶33  From July through November 2017, J.R. repeatedly attempted to reach Attorney Petros without success.  On December 8, 2017, Attorney Petros misrepresented to J.R. that all four cases were scheduled for court hearings on December 27, 2017. At that time, none of the cases had even been filed.

¶34  On March 6, 2018, the OLR advised Attorney Petros that J.R. had filed a grievance and requested a response.  Six days after the OLR notified Attorney Petros of the grievance, he finally filed all four small claims cases.  Attorney Petros initially responded to the OLR's request for a response to J.R.'s grievance, but thereafter failed to respond.

¶35  The parties stipulated and the referee concluded that:

15

- By failing to act with reasonable diligence and promptness in furtherance of J.R.'s interests in his cases between July 2016 and March 2018, Attorney Petros violated SCR 20:1.3 (Count Twenty-One).

- By failing to respond to J.R.'s reasonable requests for information regarding his cases and failing to provide requested paperwork concerning his cases, Attorney Petros violated SCR 20:1.4(a)(4) (Count Twenty-Two).

- By making misrepresentations to J.R. about the status of his cases in late 2016 or early 2017, and on August 1, 2017 and December 8, 2017, Attorney Petros violated SCR 20:8.4(c) (Count Twenty-Three).

- By willfully failing to respond to the OLR's September 17, 2018 request for additional information, Attorney Petros violated SCR 22.03(6), enforceable via SCR 20:8.4(h) (Count Twenty-Four).

¶36 After making a determination of misconduct as to all 24 counts summarized above, the referee evaluated the appropriate discipline for Attorney Petros. Determining appropriate discipline for professional misconduct requires an assessment of: (1) the seriousness, nature, and extent of the misconduct; (2) the level of discipline needed to protect the public, the courts, and the legal system from repetition of the attorney's misconduct; (3) the need to impress upon the attorney the seriousness of the misconduct; and (4) the need to deter other attorneys from committing similar misconduct. In re

16

*Disciplinary Proceedings Against Hammis*, 2011 WI 3, ¶39, 331 Wis. 2d 19, 793 N.W.2d 884.

¶37 The referee deemed instructive several cases cited in the OLR's sanctions memorandum. In *In re Disciplinary Proceedings Against Krezminski*, 2007 WI 21, 299 Wis. 2d 152, 727 N.W.2d 492, the attorney was suspended for two years for making false statements to a court, for trust fund violations involving a vulnerable client, for lack of diligence in an appeal, and for failures to communicate with the client. Similarly, in *In re Disciplinary Proceedings Against Carter*, 2014 WI 126, 359 Wis. 2d 70, 856 N.W.2d 595, this court suspended the attorney for two years after he stipulated to 11 counts of misconduct involving a fee agreement, client communications, and trust fund violations involving $72,000. See also *In re Disciplinary Proceedings Against Morse*, 2019 WI 53, 386 Wis. 2d 654, 927 N.W.2d 543 (one-year suspension for lack of diligence, lack of communication, failure to follow a court order, and trust fund violations involving $25,000, in addition to conviction of three counts of theft due to the trust fund misuse).

¶38 The referee observed: "[a]ll of [Petros'] violations have occurred in a relatively few years by an attorney who began his practice of law in 2009" and the "violations are exceedingly serious, given their breadth and nature and [Petros'] history." The referee recommended this court suspend Attorney Petros' law license for a period of two years and require him to pay restitution to the Fund, as stipulated, in connection with his professional misconduct in the matter of A.H. The referee

17

further recommended that Attorney Petros' future reinstatement, if any, be conditioned upon Attorney Petros not engaging in solo law practice and/or that his practice and trust account be subject to monitoring.

¶39 No appeal was filed so this court's review proceeds pursuant to SCR 22.17(2).[9] In conducting our review, we affirm the referee's findings of fact unless they are found to be clearly erroneous, and we review the referee's conclusions of law on a de novo basis. See In re Disciplinary Proceedings Against Inglimo, 2007 WI 126, ¶5, 305 Wis. 2d 71, 740 N.W.2d 125. We may impose whatever sanction we see fit regardless of the referee's recommendation. See In re Disciplinary Proceedings Against Widule, 2003 WI 34, ¶44, 261 Wis. 2d 45, 660 N.W.2d 686.

¶40 Based upon our review of the record, we accept the referee's findings of fact and conclusions of law in this matter and agree that Attorney Petros committed the 24 counts of professional misconduct, as alleged. The allegations of misconduct at issue are very serious. Attorney Petros misappropriated client funds from a vulnerable client, lied to

_____

[9] SCR 22.17(2) provides:

> If no appeal is filed timely, the supreme court shall review the referee's report; adopt, reject or modify the referee's findings and conclusions or remand the matter to the referee for additional findings; and determine and impose appropriate discipline. The court, on its own motion, may order the parties to file briefs in the matter.

18

clients about the status of their cases, repeatedly failed to respond to clients and failed to appear in court. Attorney Petros also repeatedly failed to respond to inquiries from the OLR, resulting in his temporary suspension from the practice of law.

¶41 The undisputed facts show a clear pattern of neglect by Attorney Petros of his clients' needs and objectives and disregard of his obligations as an attorney. We agree with the referee's recommendation that the seriousness of Attorney Petros' misconduct demonstrates that his law license must be suspended for a period of two years, to protect the public, courts, and legal system from the attorney's repetition of the misconduct; to impress upon Attorney Petros the seriousness of his misconduct; and to deter other attorneys from engaging in similar misconduct.

¶42 The referee proposed that Attorney Petros' future reinstatement, if any, should be conditioned upon Attorney Petros not engaging in solo law practice and/or that his practice and trust account be subject to monitoring. In the event Attorney Petros seeks reinstatement, this court will revisit these recommendations. See SCR 22.29.

¶43 Finally, we accept the referee's recommendation that we order Attorney Petros to pay restitution to the Fund in connection with his representation of A.H., and we impose the full costs of this disciplinary proceeding on Attorney Petros.

¶44 IT IS ORDERED that the license of Christopher S. Petros to practice law in Wisconsin is suspended for a period of two years, effective the date of this order.

¶45 IT IS FURTHER ORDERED that if he has not already done so, Christopher S. Petros shall comply with the provisions of SCR 22.26 regarding the duties of a person whose license to practice law in Wisconsin has been suspended.

¶46 IT IS FURTHER ORDERED that within 60 days of the date of this order, Christopher S. Petros shall pay to the Office of Lawyer Regulation the costs of this proceeding, which are $4,387.44 as of April 10, 2020.

¶47 IT IS FURTHER ORDERED that within 60 days of the date of this order, Christopher S. Petros shall pay restitution of $24,000 to the Wisconsin Lawyers' Fund for Client Protection in connection with his misconduct in the matter of A.H.

¶48 IT IS FURTHER ORDERED that the restitution specified above is to be completed prior to paying costs to the Office of Lawyer Regulation.

¶49 IT IS FURTHER ORDERED that the administrative suspension of Christopher S. Petros' license to practice law in Wisconsin for noncompliance with continuing legal education requirements, will remain in effect until the administrative suspension has been rectified pursuant to SCR 22.28(1).

¶50 IT IS FURTHER ORDERED that compliance with all conditions of this order is required for reinstatement. See SCR 22.28(2).

¶51 DANIEL KELLY, J., did not participate.