# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2020AP725-D |

| | |
|---|---|
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Christopher S. Petros, Attorney at Law:<br><br>Office of Lawyer Regulation,<br>      Complainant,<br>   v.<br>Christopher S. Petros,<br>      Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST PETROS

| | |
|---|---|
| OPINION FILED: | June 9, 2021 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
|   COURT: | |
|   COUNTY: | |
|   JUDGE: | |

| | |
|---|---|
| JUSTICES: | |

Per Curiam.

| | |
|---|---|
| NOT PARTICIPATING: | |

ATTORNEYS:

NOTICE

**This opinion is subject to further editing and modification.  The final version will appear in the bound volume of the official reports.**

No.  2020AP725-D

STATE OF WISCONSIN                    :            IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against Christopher S. Petros, Attorney at Law:**

**Office of Lawyer Regulation,**

      **Complainant,**

    **v.**

**Christopher S. Petros,**

      **Respondent.**

**FILED**

**JUN 9, 2021**

Sheila T. Reiff
Clerk of Supreme Court

ATTORNEY disciplinary proceeding.  *Attorney's license revoked.*

¶1  PER CURIAM.  We review the report of the referee, Reserve Judge William M. Gabler, Sr., recommending that this court revoke Attorney Christopher S. Petros' license to practice law in Wisconsin, require him to pay $5,000 in restitution to the father of a former client, and require him to pay the full costs of this disciplinary proceeding, which total $3,910.22 as of February 3, 2021.  Because no appeal has been filed in this

matter, our review proceeds pursuant to Supreme Court Rule (SCR) 22.17(2).[1]

¶2 Attorney Petros was admitted to practice law in Wisconsin in June 2009. His address listed with the State Bar of Wisconsin is Petros Law Firm LLC, in Hudson, WI. His Wisconsin law license is suspended for both administrative and disciplinary reasons.

¶3 Attorney Petros has a considerable disciplinary history. In 2014, Attorney Petros received a 90-day suspension of his Wisconsin law license as reciprocal discipline to that imposed by the Minnesota Supreme Court in 2013. The Minnesota suspension was based on misconduct that included submitting false evidence and making false statements to the Director of the Minnesota Office of Lawyers Professional Responsibility; failing to notify a client of a hearing; lying to the court through an associate and failing to correct the misrepresentations he caused to be made to the court; failing to timely notify clients of their appeal rights and that he would not file an appeal on their behalf; and failing to diligently pursue a client's case, communicate with that client, and timely

---

[1] SCR 22.17(2) provides:

> If no appeal is filed timely, the supreme court shall review the referee's report; adopt, reject or modify the referee's findings and conclusions or remand the matter to the referee for additional findings; and determine and impose appropriate discipline. The court, on its own motion, may order the parties to file briefs in the matter.

return the client's property. In re Disciplinary Proceedings Against Petros, 2014 WI 1, 351 Wis. 2d 775, 841 N.W.2d 47.

¶4 In 2017, Attorney Petros received a consensual public reprimand for failing to prepare a contract he was hired to prepare; failing to provide advance notice of a withdrawal of fees from trust; failing to materially advance a matter for a different client; and failing to timely respond to the Office of Lawyer Regulation's (OLR) investigations in both matters. Public Reprimand of Christopher S. Petros, No. 2017-8 (electronic copy available at https://compendium.wicourts.gov/app/raw/002974.html).

¶5 By our decision of July 22, 2020, Attorney Petros received a two-year suspension for 24 counts of professional misconduct, which included misappropriating client funds from a vulnerable client, lying to clients about the status of their cases, repeatedly failing to respond to clients, failing to appear in court, and repeatedly failing to respond to inquiries from the OLR. In re Disciplinary Proceedings Against Petros, 2020 WI 71, 393 Wis. 2d 411, 946 N.W.2d 126.

¶6 On April 8, 2020, the OLR filed a complaint against Attorney Petros and an order to answer. Attorney Petros admitted service of the documents by an Admission of Service. The complaint alleged 16 counts of misconduct and spanned 80 numbered paragraphs, not including the OLR's unnumbered prayer for relief, which requested license revocation, restitution, and costs.

¶7   On March 27, 2020, Attorney Petros filed a one-sentence answer to the complaint, which stated, in its entirety: "The Respondent, here by [sic] denies the allegations 1-16 in the complaint of the Office of Lawyer Regulation."

¶8   On June 1, 2020, the OLR's counsel filed a "Motion For A More Definite Statement."  At a June 15, 2020 motion hearing, held via Zoom, the parties advised the referee they had agreed that Attorney Petros would file an amended answer by June 19, 2020.

¶9   According to the referee's report, on or about June 24, 2020, the OLR received an unsigned and undated letter from Attorney Petros on June 24, 2020, which Attorney Petros referred to as his "response to complaint."  The OLR forwarded this document to the referee via email on June 29, 2020.  Contrary to SCR 22.13(5), Attorney Petros did not file this document with the court or serve a copy on the referee.  The document does not appear in the record.

¶10  On July 14, 2020, the referee conducted a telephone scheduling conference at which the OLR's counsel and Attorney Petros participated.  The parties agreed upon dates and deadlines that the referee formalized in a July 15, 2020 scheduling order sent to the parties.  Among other things, the scheduling order set a discovery deadline of October 2, 2020, a witness list deadline of November 13, 2020, and an exhibit list deadline of December 11, 2020, by which date the parties were also required to exchange and file exhibits.  The scheduling order also set an evidentiary hearing date of January 12, 2021.

4

¶11 In a letter dated November 3, 2020 and sent to the referee and Attorney Petros by U.S. mail and email, the OLR's counsel advised that he had been unable to contact Attorney Petros by telephone or in writing. The OLR's counsel asked the referee to set the matter for a status conference.

¶12 The referee scheduled a status conference for November 10, 2020, to be held via Zoom. The referee sent an email to both parties listing the date and time of the status conference, and the OLR also sent Attorney Petros written notice of the hearing by email and U.S. mail.

¶13 Attorney Petros did not appear at the November 10, 2020 status conference. At the hearing, the OLR's counsel reported that, in addition to sending written notice to Attorney Petros of the status conference, counsel had made numerous attempts to contact Attorney Petros by mail, telephone, and email in July, August, and September of 2020, with no response. The OLR's counsel also reported that Attorney Petros had failed to respond to discovery requests that the OLR sent him in August 2020.

¶14 By motion dated November 24, 2020, the OLR moved for sanctions——namely, the striking of Attorney Petros' answer——and for entry of default judgment.

¶15 On November 30, 2020, the referee issued an order requiring Attorney Petros to file any objections to the OLR's motion on or before December 11, 2020. The referee sent the order to Attorney Petros via email and U.S. mail. Attorney Petros did not respond.

¶16 Attorney Petros disregarded other deadlines as well. He filed nothing within the deadlines for the filing and service of witness and exhibit lists and exhibits. He provided no response to the OLR's discovery requests.

¶17 On January 6, 2021, the referee filed his report and recommendation. Consistent with this court's precedent instructing that a timely answer in a disciplinary case may be stricken and default judgment entered when the responding attorney has engaged in egregious or bad faith conduct, the referee wrote:

> Mr. Petros barely adequately answered the allegations in OLR's complaint, he hasn't met any of the deadlines in the Scheduling Order, he hasn't responded to OLR's discovery requests, he hasn't responded to [the OLR's counsel's] repeated attempts to contact him, he missed the November 10, 2020 Zoom status conference, and he hasn't responded to the Order To Show Cause. For an experienced lawyer, like Mr. Petros, I find his shortcomings constitute egregious non-action and bad faith, and . . . [a] tacit concession that he has no viable defense to any of the allegations in the OLR complaint. Therefore, I recommend the Supreme Court accept my findings and suggestion that Attorney Petros's pleadings be stricken and that he be found in default.

¶18 Although the referee's report does not expressly state that the referee accepted as true all of the allegations of the OLR's complaint, the report does state that Attorney Petros committed each of the 16 counts of misconduct alleged in the OLR's complaint. This conclusion indicates that the referee accepted as true all of the allegations of the complaint.

¶19 The OLR's complaint describes Attorney Petros' conduct in connection with his representation in several matters.

Repeating all of the allegations of each separate matter here is not necessary. The following summaries will suffice.

¶20 The first two matters consisted of a probate matter and a related civil case. Attorney Petros practiced law with a suspended law license; failed to tell the court, opposing counsel, and his clients about his license suspension; misrepresented to the court the status of his efforts to get his license reinstated; and failed to cooperate with the OLR's investigation into these matters.

¶21 The third matter consists of two criminal cases involving the same client. In one of the criminal cases (a probation revocation matter), Attorney Petros failed to deposit a $2,500 advanced fee paid by the client's father (A.M., Jr.) into his trust account. In the second criminal case (a felony charge against the client), the State Public Defender appointed Attorney Petros to represent the client due to the client's indigency. Attorney Petros then accepted a $5,000 advanced fee payment from A.M., Jr. without disclosing that he had been appointed by the State Public Defender. Attorney Petros withdrew the $5,000 advanced fee from his trust account without providing the required advance notice to his client. In both criminal cases, Attorney Petros failed to enter into a written fee agreement communicating the scope of representation, the basis or rate of the fee, and the purpose and effect of the advanced fee. Attorney Petros also failed to cooperate with the OLR's investigation into these matters.

7

¶22 In the fourth and fifth matters, Attorney Petros' clients filed grievances against him that prompted investigations by the OLR, with which Attorney Petros failed to fully cooperate. The OLR ultimately determined that the evidence did not support a rule violation other than Attorney Petros' failure to cooperate with the OLR's investigations.

¶23 Attorney Petros' misconduct, as determined by the referee, consisted of the following:

- One count (Count 1) of failing to promptly provide written notification to the court and opposing counsel of his law license suspension, contrary to SCR 22.26(1)(c),[2] enforceable via SCR 20:8.4(f);[3]

---

[2] SCR 22.26(1)(c) provides that, on or before the effective date of a license suspension, an attorney whose license is suspended shall:

Promptly provide written notification to the court or administrative agency and the attorney for each party in a matter pending before a court or administrative agency of the suspension or revocation and of the attorney's consequent inability to act as an attorney following the effective date of the suspension or revocation. The notice shall identify the successor attorney of the attorney's client or, if there is none at the time notice is given, shall state the client's place of residence.

[3] SCR 20:8.4(f) provides: "It is professional misconduct for a lawyer to violate a statute, supreme court rule, supreme court order or supreme court decision regulating the conduct of lawyers."

- Two counts (Counts 2 and 8) of practicing law after his law license had been suspended, contrary to SCR 22.26(2),[4] enforceable via SCR 20:8.4(f);

- One count (Count 3) of knowingly making a false statement of fact or law to a tribunal, contrary to SCR 20:3.3(a)(1);[5]

- Seven counts (Counts 4-6, 9, 14-16) of failing to cooperate with an OLR investigation, contrary to SCR 22.03(2)[6] and/or SCR 22.03(6),[7] enforceable via SCR 20:8.4(h);[8]

---

[4] SCR 22.26(2) provides:

An attorney whose license to practice law is suspended or revoked or who is suspended from the practice of law may not engage in this state in the practice of law or in any law work activity customarily done by law students, law clerks, or other paralegal personnel, except that the attorney may engage in law related work in this state for a commercial employer itself not engaged in the practice of law.

[5] SCR 20:3.3(a)(1) provides: "A lawyer shall not knowingly make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer."

[6] SCR 22.03(2) provides:

Upon commencing an investigation, the director shall notify the respondent of the matter being investigated unless in the opinion of the director the investigation of the matter requires otherwise. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct within 20 days after being served by ordinary mail a request for a written response. The director may allow additional time to respond. Following receipt

(continued)

9

- One count (Count 7) of failing to notify his clients by certified mail of his law license suspension, contrary to SCR 22.26(1)(a),[9] enforceable via SCR 20:8.4(f);

- One count (Count 10) of failing to place advanced fees into his trust account, contrary to SCR 20:1.5(f);[10]

---

of the response, the director may conduct further investigation and may compel the respondent to answer questions, furnish documents, and present any information deemed relevant to the investigation.

[7] SCR 22.03(6) provides: "In the course of the investigation, the respondent's willful failure to provide relevant information, to answer questions fully, or to furnish documents and the respondent's misrepresentation in a disclosure are misconduct, regardless of the merits of the matters asserted in the grievance."

[8] SCR 20:8.4(h) provides: "It is professional misconduct for a lawyer to fail to cooperate in the investigation of a grievance filed with the office of lawyer regulation as required by SCR 21.15(4), SCR 22.001(9)(b), SCR 22.03(2), SCR 22.03(6), or SCR 22.04(1)."

[9] SCR 22.26(1)(a) provides:

On or before the effective date of license suspension or revocation, an attorney whose license is suspended or revoked shall do all of the following: Notify by certified mail all clients being represented in pending matters of the suspension or revocation and of the attorney's consequent inability to act as an attorney following the effective date of the suspension or revocation.

[10] SCR 20:1.5(f) provides:

Except as provided in SCR 20:1.5(g), unearned fees and funds advanced by a client or 3rd party for payment of fees shall be held in trust until earned by the lawyer, and withdrawn pursuant to SCR 20:1.5(h).

(continued)

- One count (Count 11) of engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation, contrary to SCR 20:8.4(c);[11]

- One count (Count 12) of failing to have a written fee agreement memorializing the terms, scope, and fees for representation, and the purpose and effect of the advanced fee, contrary to SCR 20:1.5(b)(1)[12] and SCR 20:1.5(b)(2);[13] and

---

Funds advanced by a client or 3rd party for payment of costs shall be held in trust until the costs are incurred.

[11] SCR 20:8.4(c) provides:  "It is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

[12] SCR 20:1.5(b)(1) provides:

The scope of the representation and the basis or rate of the fee and expenses for which the client will be responsible shall be communicated to the client in writing, before or within a reasonable time after commencing the representation, except when the lawyer will charge a regularly represented client on the same basis or rate as in the past.  If it is reasonably foreseeable that the total cost of representation to the client, including attorney's fees, will be $1000 or less, the communication may be oral or in writing. Any changes in the basis or rate of the fee or expenses shall also be communicated in writing to the client.

[13] SCR 20:1.5(b)(2) provides:  "If the total cost of representation to the client, including attorney's fees, is more than $1000, the purpose and effect of any retainer or advance fee that is paid to the lawyer shall be communicated in writing."

11

- One count (Count 13) of withdrawing an advanced fee from his trust account without providing the required advance notice to his client in violation of SCR 20:1.5(h)(1).[14]

¶24 Consistent with the OLR's request, the referee recommended that this court revoke Attorney Petros' Wisconsin law license as discipline for his misconduct. The referee further recommended that this court order Attorney Petros to pay restitution to A.M., Jr. for the $5,000 advanced fee that he paid Attorney Petros to represent his son without knowledge that Attorney Petros had been appointed for that task by the State Public Defender. The referee also recommended that this court order Attorney Petros to pay the full costs of this proceeding.

¶25 Attorney Petros did not appeal from the referee's report and recommendation. Thus, we proceed with our review of

---

[14] SCR 20:1.5(h)(1) provides:

At least five business days before the date on which a disbursement is made from a trust account for the purpose of paying fees, with the exception of contingent fees or fees paid pursuant to court order, a lawyer shall transmit to the client in writing all of the following:

a. An itemized bill or other accounting showing the services rendered.

b. Notice of the amount owed and the anticipated date of the withdrawal.

c. A statement of the balance of the client's funds in the lawyer's trust account after the withdrawal.

12

the matter pursuant to SCR 22.17(2). We review a referee's findings of fact subject to the clearly erroneous standard. See In re Disciplinary Proceedings Against Eisenberg, 2004 WI 14, ¶5, 269 Wis. 2d 43, 675 N.W.2d 747. We review the referee's conclusions of law de novo. Id. We determine the appropriate level of discipline independent of the referee's recommendation. See In re Disciplinary Proceedings Against Widule, 2003 WI 34, ¶44, 261 Wis. 2d 45, 660 N.W.2d 686.

¶26 In light of Attorney Petros' noncompliance with the scheduling order deadlines, failure to cooperate with discovery requests, failure to appear for the November 10, 2020 status conference, and failure to respond to the OLR's motion for sanctions and default judgment, we deem it appropriate to strike his answer to the OLR's complaint and declare him in default. See In re Disciplinary Proceedings Against Kelly, 2012 WI 55, ¶24, 341 Wis. 2d 104, 814 N.W.2d 844 (holding that respondent-lawyer's repeated refusals to engage in the disciplinary process constituted egregious conduct that merited the striking of his answer and proceeding on the allegations of the OLR's complaint).

¶27 We further agree with the referee that license revocation is the appropriate sanction. "Revocation of an attorney's license to practice law is the most severe sanction this court can impose. It is reserved for the most egregious cases." In re Disciplinary Proceedings Against Cooper, 2013 WI 97, ¶34, 351 Wis. 2d 350, 839 N.W.2d 857.

13

¶28 This case fits that description. The referee correctly pointed out in his report that we have imposed revocation when the respondent-lawyer has engaged in a clear pattern of substantial, repeated violations of disciplinary rules. See Kelly, 341 Wis. 2d 104 (revocation where respondent-lawyer committed 51 counts of misconduct, including failure to communicate with clients, failure to refund advanced fees when work not completed, and failure to respond to OLR requests for information); In re Disciplinary Proceedings Against Runyon, 2020 WI 74, 393 Wis. 2d 612, 948 N.W.2d 62 (revocation imposed where respondent-lawyer with lengthy disciplinary history committed 23 counts of professional misconduct in four client matters, including converting thousands of dollars that belonged to several clients and failing to cooperate with the OLR's investigations into these matters).

¶29 Such a clear pattern of misconduct is present here. Since Attorney Petros' licensure in Wisconsin in 2009, he has consistently been in ethical trouble, with discipline imposed against him 2013 (in Minnesota), 2014 (as discipline reciprocal to that imposed by Minnesota), 2017, 2020, and again now, in 2021. There are common themes to his misbehavior: lack of candor, both by omission and by direct misrepresentation; money mishandling; failure to diligently pursue cases; and a persistent failure to cooperate with the OLR. Attorney Petros appears uninterested in honest, responsible advocacy, and tends to dodge or disappear altogether when called to account for his actions. Our profession has no place for persons who cannot be

14

counted on to follow the basic standards and procedures set forth in our ethical rules. Attorney Petros' law license must, therefore, be revoked.

¶30 We further agree with the referee that Attorney Petros must repay A.M., Jr. the $5,000 advanced fee he paid for Attorney Petros to represent his son without knowledge that Attorney Petros had been appointed for that task by the State Public Defender.

¶31 We further conclude that Attorney Petros shall bear the full costs of this disciplinary proceeding, which total $3,910.22 as of February 3, 2021.

¶32 IT IS ORDERED that the license of Christopher S. Petros to practice law in Wisconsin is revoked, effective the date of this order.

¶33 IT IS FURTHER ORDERED that within 60 days of the date of this order, Christopher S. Petros shall pay restitution of $5,000 to A.M., Jr.

¶34 IT IS FURTHER ORDERED that within 60 days of the date of this order, Christopher S. Petros shall pay to the Office of Lawyer Regulation the costs of this proceeding, which are $3,910.22 as of February 3, 2021.

¶35 IT IS FURTHER ORDERED that payment of restitution is to be completed prior to paying costs to the Office of Lawyer Regulation.

¶36 IT IS FURTHER ORDERED that Christopher S. Petros shall comply, if he has not already done so, with the requirements of

SCR 22.26 pertaining to the duties of a person whose license to practice law in Wisconsin has been revoked.